IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUSSELL C. LEININGER          )
                              )
          Plaintiff,          )          Civil No. 07-1262-AS
                              )
     vs.                      )
                              )
LINDA K. PITTS,               )          FINDINGS AND RECOMMENDATION
                              )
          Defendant.          )
_____)

ASHMANSKAS, Judge:

    Russell C. Leininger, appearing *pro se*, filed a Complaint
against Linda K. Pitts, in her individual capacity.   Pitts is the
owner of Oregon Plating Company, Leininger's former employer.
Although it is not entirely clear, it appears that Leininger is
alleging four claims: (1) sexual harassment/hostile work
environment under Title VII of the Civil Rights Act of 1964
(Title VII), 42 U.S.C. § 2000e; (2) sexual harassment/hostile

1 - FINDINGS AND RECOMMENDATION                              [LB]

work environment under Or. Rev. Stat. § 659A.030(1)(b); (3) intentional infliction of emotional distress (IIED) under Oregon law; and (4) a claim for unpaid wages in the amount of $664.50. Pitts filed a Motion to Dismiss against all claims.  For the reasons that follow, Pitts' motion should be granted.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007).  See also Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984).  For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true.  Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## SUMMARY OF COMPLAINT

Leininger was hired to work for Oregon Plating Co., Inc., as a Journeyman Metal Finisher on March 11, 2005.  Complaint at 4. Leininger alleges that he was inappropriately touched by a male supervisor while working and that he reported the misconduct to Pitts.  Id. at 4-5.  On August 3, 2005, he was involved in a dispute with Pitts arising from her refusal to pay him money. Id. at 6.  In response to Pitts' refusal, Leininger "broke five windows and awaited police."  Id.  Leininger was arrested on

August 3, 2005, and charged with Criminal Mischief I and Reckless
Endangering.  Complaint, Exhibit 3.  In his Complaint, Leininger
admits to causing extensive property damage to Oregon Plating's
building by breaking several windows and also cites a seven-page
police report detailing the events of that day.  Complaint at 6.

## DISCUSSION

Pitts seeks dismissal of all claims set forth in Leininger's
Complaint on the grounds that she may not be held individually
liable for the alleged state and federal employment violations,
that all claims are time barred and that service on Pitts was
insufficient.  Because the court finds that the claims against
Pitts are time barred it need not reach the other grounds raised
by Pitts' motion for dismissal.

### A.    Or.Rev.Stat. § 659A.030 - State Employment Claims

Pitts argues that Leininger's hostile work environment and
sexual discrimination claims are barred by the limitations period
set forth in Or.Rev.Stat. § 659A.875.  Section 659A.875(1)
requires a party alleging unlawful employment discrimination to
commence a civil action within one year after the occurrence of
the unlawful practice, unless a complaint is timely filed with
the Bureau of Labor and Industry (BOLI).  Or.Rev.Stat. §
659A.875(1).  A complaint must be filed with BOLI no later than
one year after the alleged unlawful practice.  Id. at §
659A.820(1).  A person who files a BOLI complaint must file a

3 - FINDINGS AND RECOMMENDATION                              [LB]

civil action within 90 days after a 90-day notice is mailed to
the person.  Id. at § 659A.875(2).  Thus, a court must determine:
(1) when the statute of limitations began to run, and (2) whether
plaintiff's complaint was timely filed.

Here, it is undisputed that Leininger's last day of
employment was August 3, 2005.  Leininger filed the present
action on August 22, 2007, well beyond the one-year period
permitted by Oregon law.  Nor did Leininger toll the limitations
period by filing a complaint with BOLI in a timely manner.
Exhibit A, attached to the declaration of Kari A. Furnanz, is a
copy of the BOLI Complaint filed by Leininger.  The BOLI
Complaint is date stamped "Received AUG - 4 2006."  Thus, that
Complaint was filed beyond the one-year limitations period and
Leininger's arguments to the contrary are unavailing.  Therefore,
Leininger's claims pursuant to Or.Rev.Stat. § 659A.030 are time
barred.  Pitts' request for dismissal of Leininger's section
659A.030 claims should be granted.

### B.    42 U.S.C. § 2000e - Federal Employment Claims

Similarly, Pitts contends that Leininger's Title VII claims
must be dismissed for failure to seek redress in a timely manner.
In his Complaint, Leininger alleges Pitt violated Title VII when
she failed either to prevent or respond to the alleged sexual
harassment of Leininger by one of his supervisors.

Title VII contains two time limitations within which a plaintiff must file an administrative charge with the Equal Employment Opportunity Commission (EEOC):  (1) within 180 days of the last act of discrimination, or (2) within 300 days from the last act of discrimination if a plaintiff first commenced proceedings with a "[s]tate or local agency with authority to grant or seek relief from such practice."  42 U.S.C. § 2000e-5(e)(1).

Based on his Complaint, the last day Leininger suffered any alleged harassment or discrimination in violation of Title VII was on August 3, 2005.  As noted, Leininger filed a Complaint with BOLI on August 4, 2006, more than 300 days after he was terminated and there is no evidence that Leininger ever filed an administrative charge with the EEOC.  Therefore, Leininger's Title VII claims are time barred.  Pitts' request for dismissal of Leininger's Title VII claims should be granted.

### C.   Intentional Infliction of Emotional Distress

Next, Pitts contends that Leininger's IIED claim must also be dismissed for failure to file in a timely manner.  The statute of limitations in Oregon for IIED claims is two years from the date of injury.  Or.Rev.Stat. § 12.110(1).  Leininger's allegations regarding his emotional distress are based solely on the conduct of two individuals and such conduct could have occurred no later than August 3, 2005.  Leininger filed this

5 - FINDINGS AND RECOMMENDATION

action in federal court on August 22, 2007, more than two years
after the alleged tort violation occurred.   Therefore,
Leininger's state law tort claim for IIED is time barred.  Pitts'
request for dismissal of Leininger's IIED claim should be
granted.

      **D.**  **Unpaid Wages**

     Finally, Pitts maintains that Leininger's claim for unpaid
wages was also filed beyond the applicable limitations period.
Under both state and federal law, the statute of limitations for
recovering unpaid overtime wages is two years after the cause of
action accrues.  Or.Rev.Stat. § 12.110(3), 29 U.S.C. § 255.  Once
again, Leininger's wage claim could not have accrued any later
than August 3, 2005.  Leininger filed this action in federal
court on August 22, 2007, more than two years after the alleged
wage claim accrued.  Nor was this two-year period tolled by
Leininger's BOLI Complaint.  <u>See</u> Or.Rev.Stat. § 12.110(3)
Therefore, Leininger's claim for unpaid wages is time barred.
Pitts' request for dismissal of Leininger's claim for unpaid
wages should be granted.

6 – FINDINGS AND RECOMMENDATION

**CONCLUSION**

Based on the foregoing, Pitts' Motion to Dismiss (doc. #11) should be GRANTED.  Leininger's Complaint (doc. #2) should be DISMISSED.

DATED this  20  day of December, 2007.


      /s/Donald C. Ashmanskas
         DONALD C. ASHMANSKAS
      United States Magistrate Judge


**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due January 7, 2008.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

7 - FINDINGS AND RECOMMENDATION